UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHARLENE SMITH,
*Plaintiff*,

v.

No. 3:22-cv-239 (JAM)

BENDETT & MCHUGH, P.C. *et al.*,
*Defendants*.

## RULING GRANTING MOTIONS TO DISMISS

Plaintiff Charlene Smith has filed this *pro se* lawsuit against two loan-servicing companies, a law firm, and some 20 "John Doe" and "Company Doe" defendants in connection with a state court foreclosure of her property in New Britain, Connecticut. Smith's claims arise not only from the foreclosure of her condominium but also her 2013 bankruptcy. She alleges that the defendants violated her bankruptcy discharge order as well as the Fair Debt Collection Practices Act (FDCPA). The defendants have moved to dismiss.

I will grant their motions. First, Smith's claim that the defendants violated her bankruptcy discharge order must be presented to the Bankruptcy Court in the first instance. Second, Smith has not alleged plausible grounds for relief under the FDCPA. More generally, to the extent that Smith seeks relief against her state foreclosure judgment, such relief is barred by the *Rooker-Feldman* doctrine.

### BACKGROUND

I take the facts as stated in Smith's complaint and corresponding exhibits as true for the purpose of this ruling.[1] I also take judicial notice of the filings in the related foreclosure action in Connecticut Superior Court as well as Smith's bankruptcy proceeding. *See, e.g.*, *Bailey v.*

---

[1] Docs. #1 (Compl.), #3 ("First Affidavit in Support of Complaint"), #3-1 ("Affidavit in Support of Claims"), #4 (Exhibits).

1

*Interbay Funding, LLC*, 2018 WL 1660553, at *2 & n.2 (D. Conn. 2018); *see also Bristol v. Nassau Cty.*, 685 F. App'x 26, 28 (2d Cir. 2017).[2]

In August 2005, Smith signed a promissory note for $76,000 in favor of H&R Block Mortgage Corporation.[3] At the same time, Smith secured the note with an open-end mortgage deed of her New Britain property with Mortgage Electronic Registration Systems, Inc. (MERS)—H&R Block's nominee.[4] Smith defaulted on the loan in September 2013.[5]

A few months before her default, Smith filed for bankruptcy.[6] She received her discharge order from the Bankruptcy Court approximately one year later in August 2014, which discharged her personal liability on her home loan.[7] Relevant to this case, the bankruptcy trustee listed the loan on her property as a general *unsecured* claim in the final report.[8] Her bankruptcy case was closed in December 2014.[9]

Nearly twelve-and-a-half years after Smith executed the mortgage, it was recorded on January 5, 2018, in the New Britain land records.[10] That same month, on January 26, 2018,

---

[2] I decline Smith's request to limit judicial notice in this case. *See* Doc. #31-1 at 4–5. The documents from these proceedings "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2).
[3] Docs. #1 at 10 (¶¶ 61–62), #3-1 at 52.
[4] Doc. #3-1 at 16–29. *See JP Morgan Chase Bank v. Winthrop Props.*, 312 Conn. 662, 673 (2014) ("Connecticut follows the title theory of mortgages, which provides that on the execution of a mortgage on real property, the mortgagee holds legal title and the mortgagor holds equitable title to the property.").
[5] Docs. #1 at 12 (¶ 82), #3-1 at 32 (¶ 5); *see also* Compl. at 2 (¶ 6), *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S (Conn. Super. Ct. Mar. 6, 2018).
[6] Doc. #1 at 10 (¶ 66); *see also* Chapter 7 Voluntary Pet., *In re Charlene S. Smith*, No. 2:13-bk-20996-AMN (Bankr. D. Conn. May 16, 2013), Doc. #1.
[7] Order Discharging Debtor, *In re Smith*, No. 13-bk-20996, Doc. #23. The order—citing 11 U.S.C. § 727—barred creditors from collecting any debt that had been discharged. *Ibid.*
[8] Chapter 7 Trustee's Final Account and Distribution Report at 4–5, *In re Smith*, No. 13-bk-20996, Doc. #35 (filed Dec. 30, 2014) (emphasis added). The Trustee's Final Account and Distribution Report listed a Bank of America Home Loan for $65,904.02. *Ibid.*
[9] Docket Entry, *In re Smith*, No. 13-bk-20996 (entered Dec. 31, 2014). Smith sought to re-open the bankruptcy proceedings over five years later, in 2020, asking the court to impose sanctions against U.S. Bank. *See* Mot. to Reopen Case, *In re Smith*, No. 13-bk-20996, Doc. #36 (filed Mar. 7, 2020). Among other things, she argued that U.S. Bank willfully violated the discharge injunction by seeking to foreclose on her New Britain property. *Id.* at 3–6 (¶¶ 10–18). After briefing, the bankruptcy court held a hearing in June 2020 and took no action. *See* Docket Entry, *In re Smith*, No. 13-bk-20996, Doc. #59.
[10] Doc. #1 at 12 (¶ 84); *see also* Ex. A to Mot. to Reopen Case at 24–27, *In re Smith*, No. 13-bk-20996, Doc. #36-1

MERS assigned the mortgage to Bank of America, recording it in February 2018.[11] Bank of America then assigned the mortgage to U.S. Bank on the same day—January 26, 2018—and similarly recorded it in February 2018.[12]

A few weeks later, U.S. Bank sought to foreclose on Smith's property in New Britain Superior Court.[13] After mediation failed, U.S. Bank filed a motion for summary judgment in September 2019.[14] Smith objected to U.S. Bank's motion and argued, among other things, that her debt was discharged in bankruptcy.[15]

Three months later, the state court entered judgment for U.S. Bank. The judge explained that the bank's secured claim survived discharge at bankruptcy despite the delay in recording and that the delay did not extinguish the bank's right to foreclose on Smith's home.[16]

U.S. Bank moved for a judgment of strict foreclosure in January 2020, which the state court granted approximately two months later.[17] Smith appealed, but the appellate court dismissed the appeal because of Smith's failure to file a brief or appendix.[18]

Smith does not sue U.S. Bank in this lawsuit. Rather, she has filed suit against the bank's loan-servicing agents—Caliber Home Loans and Fay Servicing—as well as the law firm that

---

(the land-record stamp is at the bottom of page 27).
[11] Doc. #1 at 12 (¶¶ 84–85); *see* Mem. in Supp. of Mot. at 58, *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S, Doc. #114.00.
[12] Doc. #1 at 12 (¶¶ 84–85); *see* Mem. in Supp. of Mot. at 59, *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S, Doc. #114.00.
[13] Compl., *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S.
[14] Foreclosure Mediator's Final Report - Mediation Period Terminated, *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S, Doc. #112.00; Mot. for Summ. J., *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S, Doc. #113.00.
[15] Obj. at 3–6, *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S, Doc. #116.00.
[16] Order, *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S, Doc. #113.03. The judge concluded that "[a]lthough mortgages are usually recorded to clarify chain of title and to preserve the mortgagee's priority as to other lien holders, the court is aware of no law that requires recordation of a mortgage for it to create an enforceable lien against the mortgagor's property." *Ibid.*
[17] Mot. for J.-Strict Foreclosure, *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S, Doc. #120.00; J. of Strict Foreclosure, *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S, Doc. #120.50.
[18] Appeal to Appellate Ct., *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S, Doc. #135.00; Appellate Ct. Decision Appeal Dismissed, *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S, Doc. #136.00.

represented U.S. Bank in state court, Bendett & McHugh P.C.[19] Caliber initially serviced Smith's mortgage until Fay took it over sometime in 2021.[20]

All three of the defendants sent correspondence to Smith in the year before she filed this federal court complaint. She has attached to her complaint a total of nine letters that they sent her.[21]

Smith filed this federal lawsuit in February 2022.[22] Her principal claim is that the defendants have created a phantom debt that serves as the basis for their purportedly unlawful communications with her.[23] Although she tries to distance her complaint from the state court foreclosure proceeding, it is clear that the state court case animates many, if not all, of her allegations in this proceeding.[24] At bottom, Smith disagrees with the state court's judgment in favor of U.S. Bank despite the bank's failure to record her mortgage in the land records until shortly before foreclosing on her property.[25]

Count I of Smith's complaint alleges that the defendants violated her August 2014 bankruptcy discharge order.[26] Count II of her complaint alleges that the defendants also violated the FDCPA by sending her inconsistent statements that relate to a debt wholly unrelated to her "state foreclosure debt."[27] She alleges that the defendants have intentionally used "deceitful behaviors," "concealment," and "misrepresentation" to collect this debt from her.[28]

---

[19] Doc. #1 at 4–5 (¶¶ 22–29).
[20] Docs. #1 at 11 (¶ 76), 15 (¶ 103), #4 at 24–25.
[21] Doc. #4 at 20–22 (Caliber's statement); 47–53 (Bendett & McHugh's letters); 24–25, 30–45 (Fay's statements).
[22] Doc. #1.
[23] *Id.* at 2 (¶¶ 3–5).
[24] *See id.* at 3 (¶ 12).
[25] *Id.* at 10–14 (¶¶ 60–93); *see* Obj., *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S, Doc. #121.00.
[26] Doc. #1 at 21–23 (¶¶ 127–37) (claiming they "knew or should have known Plaintiff's mortgage was discharged as a non-priority unsecured claim and willfully concealed that fact from the state court and willfully violated Plaintiff's bankruptcy discharge").
[27] *Id.* at 23–24 (¶¶ 138–45); *see also id.* at 1–2 (¶¶ 2–4, 6), 6–7 (¶¶ 39–40), 14–21 (¶¶ 94–126).
[28] *Id.* at 9 (¶ 57).

Smith seeks damages and injunctive relief.[29] Specifically, she requests an injunction to stay the state court foreclosure lawsuit to protect her "from harm and future harm."[30] Defendants filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[31]

## DISCUSSION

For purposes of a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) or failure to state a claim under Rule 12(b)(6), a complaint may not survive unless it alleges facts that taken as true give rise to plausible grounds to sustain a plaintiff's claims for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019); *Kim v. Kimm*, 884 F.3d 98, 102–03 (2d Cir. 2018); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016).[32]

This "plausibility" requirement is "not akin to a probability requirement," but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The Court may also consider any documents attached as exhibits to, incorporated by reference in, or integral to the complaint, *see Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018), as well as certain public documents of which it can take judicial notice, *see Bristol*, 685 F. App'x at 28.

If the plaintiff is a *pro se* litigant, the Court must liberally construe the complaint and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g.*, *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (*per curiam*). Still, even a *pro se* complaint may

---

[29] *Id.* at 25 (¶¶ 152–57), 25–26 (Wherefore Paragraph).
[30] *Id.* at 25 (¶ 157).
[31] Docs. #20, #26.
[32] Unless otherwise indicated, this opinion omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).

### *The* Rooker-Feldman *Doctrine*

As I have noted above, it is apparent that Smith seeks relief from her prior state court foreclosure judgment. The defendants argue that such relief is foreclosed by the *Rooker-Feldman* doctrine—a doctrine that jurisdictionally bars the federal courts from hearing "cases that function as de facto appeals of state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018). There are four requirements that must be met in order for *Rooker-Feldman* to bar a plaintiff's claim: "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* at 645.

The Second Circuit has applied the *Rooker-Feldman* doctrine to bar review of a Connecticut state court judgment in foreclosure. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (*per curiam*). Still, a court "must engage in a case-by-case determination of the applicability of the *Rooker-Feldman* doctrine, even in a case concerning a foreclosure." *Tanasi v. CitiMortgage, Inc.*, 257 F. Supp. 3d 232, 250–51 (D. Conn. 2017).

The first element of the *Rooker-Feldman* doctrine is met here. Smith cleary lost the foreclosure proceedings in state court.

The second element is also met here. Despite Smith's efforts to disclaim any challenge to the foreclosure judgment, the complaint explicitly impugns the state court foreclosure proceedings and seeks relief from the state court foreclosure judgment. For example, Smith

6

complains that "[t]he state court made judgment based on the willfully and maliciously misrepresented documents, concealed information, affidavits of debt, and foreclosure worksheets that purport to account for the alleged debt based on the security instrument in the court record."[33] And in her prayer for relief she alleges that "[a]t the time of this pleading there is a law date set for the strict foreclosure on the subject property, by which Defendants intend to take title unto themselves" and that "if the strict foreclosure is allowed to be completed by Defendants before adjudicating issues present in this complaint completely, Defendants will irreparably harm the Plaintiff."[34] She further alleges that the defendants "got the strict foreclosure by means of concealment, misrepresentation and other bad acts in and upon the state court," and that "Plaintiff respectfully requests this court grant an injunction on Defendants Strict Foreclosure and debt collection activities to prevent the continuation of their bad acts, and protect Plaintiff from harm and future harm."[35]

The third element of the *Rooker-Feldman* doctrine is also met here. As apparent from the passages of the complaint that are quoted above, Smith invites this Court in part to review and reject the state court foreclosure judgment.

Lastly, the fourth element of the *Rooker-Feldman* doctrine is met in this case. The state court granted summary judgment for U.S. Bank and entered a judgment of strict foreclosure before Smith filed this federal lawsuit in February 2022.[36]

Smith argues that the *Rooker-Feldman* doctrine does not apply because "the foreclosure judgment is not final."[37] She points to a March 2022 filing by U.S. Bank in state court, which

---

[33] Doc. #1 at 13 (¶ 90).
[34] *Id.* at 25 (¶¶ 153–54) (boldface omitted).
[35] *Ibid.* (¶¶ 155, 157); *see also id.* at 6 (¶ 38).
[36] Order, *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S, Doc. #113.03 (entered Dec. 12, 2019); Mot. for J.-Strict Foreclosure, *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S, Doc. #120.00 (filed Jan. 21, 2020); J. of Strict Foreclosure, *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S, Doc. #120.50 (entered Mar. 9, 2020).
[37] *See* Doc. #27-1 at 2–3, 11–14.

sought to open the judgment and extend the law day.[38] Under Connecticut law, however, "in a foreclosure action, an appealable final judgment exists once the trial court has determined liability and set forth the essential components of a foreclosure judgment." *Mase v. Riverview Realty Assocs., LLC*, 208 Conn. App. 719, 729 (2021). In fact, Smith did appeal the state court's judgment and then ultimately abandoned it.[39] Thus, the foreclosure judgment was final for purposes of the *Rooker-Feldman* doctrine.

All in all, I conclude that the *Rooker-Feldman* doctrine bars Smith's claims to the extent that she either seeks relief from the state court foreclosure judgment or seeks to establish a fact in this litigation that is inconsistent with and would invalidate the state court foreclosure judgment. On the other hand, to the extent that Smith's claims can stand on their own without requiring me to review the validity of or contradict the state court foreclosure judgment, then those claims are not barred by the *Rooker-Feldman* doctrine.

### *Bankruptcy discharge order*

Count I of the complaint alleges that the defendants violated her bankruptcy discharge order.[40] But a discharge injunction under 11 U.S.C. § 524 "only prevents enforcement of personal liability," and "it does not prevent foreclosure of a mortgage that remains in default after a discharge is issued and a chapter 7 case is closed." *In re Wilson*, 492 B.R. 691, 696 (Bankr. S.D.N.Y. 2013). So Smith's claim of a violation of the bankruptcy discharge order cannot stop the execution on her foreclosure judgment.

---

[38] *Id.* at 13; *see also* Mot. to Open J. and Extend the Law Day, *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S, Doc. #146.00 (filed Mar. 21, 2022). This procedural formality did not alter the state court's prior determination. Nor is that determination altered by the fact that the "law day" has yet to pass. *See In re Cameron*, 2019 WL 1383069, at *1 (D. Conn. 2019) (citing *Sovereign Bank v. Licata*, 178 Conn. App. 82, 97 (2017)) ("Under Connecticut law, if the law day runs without the mortgagor redeeming legal title to the mortgaged property, the absolute title to the property passes to the mortgagee on that date.").
[39] Appeal to Appellate Ct., *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S, Doc. #135.00; Appellate Ct. Decision Appeal Dismissed, *U.S. Bank Tr., N.A. v. Smith*, HHB-CV18-6042999-S, Doc. #136.00.
[40] Doc. #1 at 21–23 (¶¶ 127–37).

Regardless, if "a debtor thinks a creditor is acting in violation of a bankruptcy court's § 524 discharge order, relief is properly sought in the first instance from the bankruptcy court 'rather than in the district court, which only has appellate jurisdiction over bankruptcy cases.'" *Yaghobi v. Robinson*, 145 F. App'x 697, 699 (2d Cir. 2005) (quoting *Eastern Equip. & Servs. Corp. v. Factory Point Nat'l Bank, Bennington*, 236 F.3d 117, 121 (2d Cir. 2001) (*per curiam*)); *see also Snaider v. Acct. Control Tech., Inc.*, 2018 WL 2725447, at *7 (D. Conn. 2018) (same).

As a result, Smith's allegations that the defendants violated the August 2014 order must be brought in the Bankruptcy Court. Notably, Smith filed a motion to reopen her bankruptcy proceeding and to sanction U.S. Bank in March 2020 for foreclosing on her property.[41] Judge Nevins of the Bankruptcy Court held a hearing in June 2020 and took no action, stating that "[s]hould [Smith] seek relief in the future, she shall file an amended motion … and shall identify the basis for relief."[42] Smith did not do so. And Smith makes no reference to her March 2020 filing or to the hearing before Judge Nevins in her complaint. Accordingly, because Smith has not sought relief as required in the Bankruptcy Court, I will dismiss Smith's claims that the defendants violated her bankruptcy discharge order.

**FDCPA**

The FDCPA generally prohibits abusive debt collection practices. *See Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 194 (2d Cir. 2015). It specifies particular types of practices that are unlawful, *see* 15 U.S.C. §§ 1692b–1692*l*, and then it provides for a civil cause of action for any violations subject to a one-year statute of limitations. *See* § 1692k(d).

As I have noted above, the *Rooker-Feldman* doctrine bars Smith's claims to the extent that she seeks to challenge or undo the state court foreclosure judgment. But, as the Second

---

[41] *See* Mot. to Reopen Case at 3–5 (¶¶ 10–18), *In re Smith*, No. 13-bk-20996, Doc. #36 (filed Mar. 7, 2020).
[42] *See* Docket Entry, *In re Smith*, No. 13-bk-20996, Doc. #59.

Circuit has made clear, a district court may ordinarily evaluate a plaintiff's claims that a defendant has engaged in abusive debt collection practices in violation of the FDCPA without having to question the validity of a state court foreclosure judgment involving this debt: "The underlying state-court judgment can be perfectly valid, and the Defendants can still have violated the FDCPA by making false, deceptive, or misleading communications or using unfair or unconscionable means in the course of attempting to collect on the judgment." *McCrobie v. Palisades Acquisition XVI, LLC*, 664 F. App'x 81, 83 (2d Cir. 2016).

The defendants argue that "a foreclosure is simply not an action to collect a debt" because it is an action seeking to enforce a security as opposed to a debt, and "it therefore falls outside the scope of the FDCPA."[43] But the Second Circuit has rejected that argument and held that "a foreclosure action is an 'attempt to collect a debt' as defined by the FDCPA." *See Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 82 (2d Cir. 2018).

Smith bases her FDCPA claims on a series of letters she received from Fay, Caliber, and Bendett & McHugh from March to December 2021, which she has filed as exhibits to her complaint.[44] According to Smith, the defendants violated three different provisions of the FDCPA.[45]

First, Smith alleges that the defendants violated a provision which states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "[t]he false representation of the character, amount, or legal status of any debt." § 1692e(2)(A). Smith alleges that the amounts stated by the defendants

---

[43] Doc. #20-1 at 13 (citing *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp. 2d 339 (D. Conn. 2012)). The Second Circuit's intervening decision in *Cohen* casts doubt not only on the prior decision in *Derisme* but also my prior ruling in *Thompson v. Ocwen Fin. Corp.*, 2018 WL 513720, at *4 (D. Conn. 2018).
[44] Docs. #1 at 14–21 (¶¶ 94–126), #4 (Exhibits).
[45] Doc. #1 at 23 (¶ 141).

10

in their numerous letters to her are different from the amount that were the subject of the foreclosure proceeding and also that each defendant's numbers are not consistent with other defendants' numbers.[46]

But Smith does not identify any particular amount or figure cited in any of the defendants' letters that is not accurate. It is not enough to say that the numbers furnished by the various defendants are not consistent with one another because this still leaves open the question of which—if any—of the defendants' statements of the debt is not accurate. Nor is it enough to say—as I have explained above with respect to the *Rooker-Feldman* doctrine—that the numbers are inaccurate because of any underlying inaccuracy with respect to the determination of the debt in the foreclosure proceedings.

Smith insists that the defendants' communications falsely suggest that they relate to her state court foreclosure proceeding, her mortgage, or her property.[47] Rather, she speculates that there must be some separate and unknown debt that the defendants are attempting to collect.[48] But these allegations are implausible, conclusory, and unsupported by the hundreds of pages of documents, statements, and court records that Smith relies upon in her filings with the Court and that are subject to judicial notice for this ruling. "If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true." *Poindexter v. EMI Rec. Grp. Inc.*, 2012 WL 1027639, at *2 (S.D.N.Y. 2012).

---

[46] *Id.* at 14–21 (¶¶ 99–126).
[47] *See generally* Docs. #1 at 1–3 (¶¶ 1–17), #27 at 2 ("The alleged debt attempting to be collected in relation to the Complaint does not and cannot relate to the security instrument within the foreclosure action, does not relate to the loan associated with the security instrument within the foreclosure action, and took place after the March 09, 2020 judgment on the loan[.]").
[48] Doc. #27-1 at 3 ("[A]n unknown/unauthorized account are the subject of the Complaint.").

Smith's allegation that the defendants are seeking to enforce a non-foreclosure debt is also at odds with Smith's demand that "[t]his court should grant an injunction on the state foreclosure action" in order to "protect Plaintiff from harm and future harm by not allowing Defendants to take title to Plaintiff's home by completing the Strict foreclosure."[49] If the debt that is the subject of the communications has no relationship to the foreclosure proceeding, then Smith has no grounds to ask for an injunction against the state foreclosure proceeding.

I am concerned as well by the elliptical nature of Smith's pleadings that makes it difficult to discern what statements or numerical figures Smith believes to be false. It is not enough for Smith to submit a pile of letters and then expect the defendants to know which of the many representations and numbers that appear in these letters Smith believes are false. Unless Smith identifies specific statements that each defendant made that are false and alleges further facts to plausibly show that such statements are false, the defendants cannot reasonably defend against Smith's claims.

Accordingly, I conclude that Smith has not plausibly alleged grounds for relief for a false representation of debt or any other false statement under § 1692e. I will dismiss this aspect of Smith's FDCPA claim without prejudice to her filing of an amended complaint that identifies by specific dated communication any specific representations that are inaccurate and the specific grounds for Smith to believe that they are false. In addition, if Smith has grounds to believe that the defendants violated § 1692e in any manner other than falsely representing the debt that was due, then any amended complaint should make clear what specific sub-provision of § 1692e upon which Smith relies and what specific act or representation violates this sub-provision.

---

[49] Doc. #1 at 26.

Smith also alleges that the defendants violated a provision of the FDCPA which states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." § 1692f. But Smith does not allege any facts to suggest that the defendants used any means other than mailing letters to her. Because Smith has not alleged facts to plausibly show that the defendants used unfair or unconscionable means to try to collect a debt from Smith, I will dismiss without prejudice Smith's FDCPA claim under § 1692f.

Smith further alleges that the defendants violated a provision of the FDCPA which states that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-- … (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." § 1692g(a)(3). As this provision makes clear, the disclosure obligation it imposes accompanies a debt collector's "initial" communication. But Smith has not alleged that any of the communications at issue for her FDCPA claim were the initial communication that the defendants made to her concerning her debt. Accordingly, I will dismiss without prejudice Smith's FDCPA claim under § 1692g(a)(3).

Smith has moved for appointment of *pro bono* counsel.[50] I will deny this motion without prejudice for lack of an adequate showing at this time that her claims have a sufficient likelihood of merit to warrant the appointment of counsel. *See Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1983).

---

[50] Doc. #37.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the defendants' motions to dismiss (Docs. #20, #26). For the same reasons set forth above, the Court DISMISSES all claims against the Doe defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court DENIES without prejudice the plaintiff's motion for appointment of counsel (Doc. #37).

If Smith has good faith grounds to file an amended complaint, she may file any amended complaint on or before **February 13, 2023**. The Court advises Smith, however, that it will not enter an injunction against enforcement of the state court foreclosure judgment or enter an order of relief that calls into question the validity of the state court foreclosure judgment in a manner that is inconsistent with the *Rooker-Feldman* doctrine. The Court encourages Smith to carefully consider whether she has good faith grounds to file an amended complaint. The Clerk of Court shall close this case subject to re-opening in the event that Smith decides to timely file an amended complaint.

It is so ordered.

Dated at New Haven this 23d day of January 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge